```
 1  Melanie D. Popper (SBN: 236279)
    THE LAW OFFICE OF MELANIE D. POPPER
 2  2034 Blake St.
    Suite 8
 3  Berkeley, CA 94704
    1-510-665-4195
 4  1-510-665-4197(fax)
    1-510-295-2507(efax)
 5
 6  Attorneys For Plaintiff
```

FILED NOV 15 2005
RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

RECEIVED OCT 31 2005
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA (~~San Jose Division~~) CRB

| | |
|---|---|
| TADIAS, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>TADIASPORA MEDIA, LLC, a limited liability corporation; LIBEN EABISA, an individual; TSEDAY ALEHEGN; an individual; and DOES 1 THROUGH 20<br><br>Defendant | Case No.: C05 04420 ~~BZ~~ CRB<br><br>[~~PROPOSED~~] TEMPORARY RESTRAING ORDER TO SHOW CAUSE AS TO A PRELIMINARY INJUNCTION<br>(Fed. Civ. R. Pro. §65(a)) |

Plaintiff TADIAS, INC., having moved ex parte for a Temporary Restrainign Order and Order to Show Cause As To A Preliminary Injunction Against Defendants, on the grounds that Defendants are infringing on Plaintiff's rights to its federally registered trademark TADIAS and otherwise unfairly compoeting with Plaintiff and the Court having reviewed the Verified Complaint, Motion for Temporary Restraining Order and Order To Show Cause, Memorandum of Points And

PROPOSED ORDER - 1

Authorities in Support of Injuctive Relief, and the exhibits and declarations incorporated therein finds as follows:

1. Plaintiff is likely to succeed in showing that Defendants' use of the TADYAS mark, TADYAS print and internet magazine, and webpages entitled www.tadias.com and www.tadyas.com in connection with the promotion and sale of its products and services, violates Plaintiffs rights under the Lanham act and California common law.

2. Defendants use of the TADIAS mark by confusing it with the TADYAS mark will cause irreparable injury to Plaintiff by jeopardizing the goodwill accumulated in and symbolized by Plaintiff's mark and dilution of the value of Plaintiff's mark, unless Defendants' activities are enjoined; and

3. The harm to Plaintiff from denying the requested ex parte relief outweighs the harm to Defendants' legitimate interest from granting such relief; and

4. Entry of the ex parte order requested by Plaintiff will serve the public interest to in protecting Plaintiff as a holdier of intellectual property rights recognized under federal and California state law and in protecting its consumers from likely confusion in the marketplace.

THEREFORE, IT IS HEREBY ORDERED THAT:

1. Defendants show cause on the 2 day of December 2005, at

~~10:00 am~~ before the undersigned at ~~200 South First Street~~ [450 Golden Gate Avenue San Francisco], in ~~San Jose~~, California, in the United States District Court for the Northern [Courtroom No 8] District of California, why an Order pursuant to Section 34 of the Lanham Act and Fed. R. Civ. P. 65 should not be entered which grants to Plaintiff a preliminary injunction enjoining and restraining Defendants, their offices, directors, representatives, agents, servants, employees, and attorneys, and any and all persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, from:

(a) **using the mark and trademark "Tadyas," any variations of that mark, or any other trademark confusingly or deceptively similar to Plaintiff's trademark "Tadias"** in the manufacture, production, advertising, promotion, offering for sale, display, distribution, and sale of the magazine.

(b) **displaying all advertisements** that have the mark or designation "Tadias" or "Tadyas" visible on any part the advertisement.

(c) **witholding advertisement lists, subscriber lists, contributor lists**, catalogs, brochures, and other printed material in its possession or under its control that carry the mark or designation "Tadias.

AND, it appearing to the Court that Defendants' confusion of the TADIAS mark with its use of the mark TADYAS in the promotion, advertisement, and sale of its products and services will continue unless restrained by the Order of the Court it is,

2. ORDERED THAT, pending the hearing on Plantiff's application for a preliminary injunction, Defendants, their officers, directors, agents, servants, employees, attorneys, and any persons acting in concert or participation with them, or having knowledge of this Order by personal service or otherwise be, and they are, hereby temporarily restrained from committing any of the acts set forth in paragraph (1) above, and it is further

3. ORDERED THAT Plaintiff shall post a bond, cash or certied or attorney's check in the amount of $1000 XX/06 as security, as determined adequate for the payment of such damages as any person may be entitled to recover as a result of wrongful restraint hereunder.

4. Plaintiff shall serve a copy of this Order, along with copiers of its Motion for Temporary Restraining Order and Order to Show Casue and Memorandum of Law in Support of Injunctive Relief, on Defendants before 17 day of Vaulu 2005, and Defendants shall file with the Court and serve on Plaintiff's counsel any papers in opposition to this

Temporary Restraining Order and Order to Show Cause on or before the 28 day of November, 2005.

DONE AND ORDERED in ~~Chambers~~ at ~~San Jose~~, California, this 15 day of November, 2005. open court See names

Dated: 11-15-05

By: _____
UNITED STATES DISTRICT JUDGE